1  **Initiating Document**                                    **25-58L**

2  **Initiating Document**

3  **UNITED STATES COURT OF FEDERAL CLAIMS**
4  717 Madison Place, NW, Washington, D.C. 20439
5  **Case Number:** TBD

6  DON MACALLISTER, Pro Se Plaintiff
7  21163 Newport Coast Drive #1010
8  Newport Coast, CA 92657
9  (310) 924-1303
10 dmac@5secev.com

11 **v.**

12 **UNITED STATES, Defendant**

13 _____

14 **COMPLAINT FOR MONETARY RELIEF UNDER THE TUCKER ACT WITH**
15 **DEMAND FOR JURY TRIAL**

16 _____

17 **INTRODUCTION**

18 Pro Se Plaintiff Don Macallister, a disabled individual, U.S. Congressional Tribute Honoree, and
19 CEO of **5 Sec Recharging™ EVs Inc.**, files this complaint under the Tucker Act (28 U.S.C. §
20 1491) and the Fifth Amendment's Takings Clause. Plaintiff seeks $2 billion in monetary
21 damages arising from the U.S. Government's deliberate suppression of **5 Sec Recharging™**
22 **EVs and 5 Sec Recharging™ stations**, which recharge vehicles 720 times faster than current
23 **30-60 minutes recharging EVs and 30-60 minutes EV recharging stations**.

24 The Government's suppression of this transformative technology has deprived taxpayers,
25 consumers, and critical federal, state, and local agencies of access to superior solutions,
26 violating its fiduciary duty to act in the public's best interest and breaching statutory disclosure
27 obligations under **31 U.S.C. § 1105(a)**.

28 Americans deserve transparency and the opportunity to adopt innovative technologies that
29 address national security, climate policy, and energy independence.

30 _____

Received – USCFC
JAN 10 2025

## KEY QUESTION FOR THE JURY

The central question this lawsuit asks the jury to decide is:

**Did the U.S. Government's actions—including suppressing 5 Sec Recharging™ EVs and 5 Sec Recharging™ stations and promoting inferior 30-60 minutes recharging EVs and 30-60 minutes EV recharging stations—constitute fraud, violate statutory disclosure obligations, and result in the deprivation of Plaintiff's constitutional and property rights under the Fifth Amendment?**

The jury must assess whether the Government's conduct:

- Deliberately suppressed disclosure of transformative technologies.
- Breached its duty of care and fiduciary obligations to taxpayers and federal agencies.
- Caused financial harm and delayed Plaintiff's ability to compete in the market.

---

## FACTUAL BACKGROUND

**Technological Innovation**

- **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations** represent a revolutionary leap in electric vehicle (EV) technology, recharging vehicles in just 5 seconds:
    - **720 times faster** than current **30-60 minutes recharging EVs and 30-60 minutes EV recharging stations.**
    - **60 times faster** than gasoline refueling.

**Market Demand and Recognition**

- Signed Letters of Intent (LOIs) from federal and state agencies representing over 22,000 U.S. cities, including:
    - **USMC, US Army, LAPD, California Department of General Services (CA DGS), NYC Fleets Department, and U.S. DOE Clean Cities Coalitions.**
- The **NASDAQ New Listings Team** expressed interest in listing Plaintiff's company at a **$1.07 billion market cap**, recognizing the technology's market potential.

**Government Suppression**

Despite its awareness of **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations**, the U.S. Government:

- Suppressed disclosure of this superior technology.
- Continued to request billions in taxpayer funding for **30-60 minutes recharging EVs and 30-60 minutes EV recharging stations.**

- Delayed the deployment of transformative solutions critical to national security and climate goals.

---

## CLAIMS FOR RELIEF

1. **Fraud**

   - The U.S. Government violated **31 U.S.C. § 1105(a)** by knowingly suppressing information about **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations** while promoting outdated alternatives, misleading Congress and the public.

2. **Equal Protection Violation**

   - By favoring slower incumbent technologies, the Government unfairly excluded Plaintiff's innovation, violating Plaintiff's constitutional rights.

3. **First Amendment Violation**

   - The Government's suppression of **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations** restricted Plaintiff's ability to inform Congress and the public, infringing on Plaintiff's right to compete and communicate freely.

4. **Fifth Amendment Violation**

   - The suppression of Plaintiff's technology constitutes a taking of property without just compensation, causing significant financial harm and delaying Plaintiff's market entry.

5. **Breach of Fiduciary Duty**

   - The Government failed to act in the public's best interest by concealing superior solutions, depriving taxpayers of the benefits of faster, more efficient EV technologies.

---

## PREEMPTIVE REBUTTALS TO GOVERNMENT DEFENSES

1. **Sovereign Immunity**

   - The **Administrative Procedure Act (APA)** waives sovereign immunity when a federal agency exceeds its statutory authority, as demonstrated by the Government's failure to disclose **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations.**

2. **Failure to Exhaust Administrative Remedies**

- Plaintiff engaged with senior officials, including the Secretary of Energy, the President, the Majority Leader of the U.S. Senate, and Members of Congress, but was met with silence.

3. **Political Question Doctrine**

    - This case does not present a political question. The Government's statutory duty under **31 U.S.C. § 1105(a)** to provide full and accurate disclosures is clear and enforceable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court to:

1. **Declare** that the Government's actions constitute fraud, breach of fiduciary duty, and constitutional violations.
2. **Issue an Injunction** to:
    - Halt taxpayer funding for **30-60 minutes recharging EVs and 30-60 minutes EV recharging stations** until **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations** are disclosed.
    - Prevent further suppression of Plaintiff's technology.
3. **Award Compensation** of:
    - **$1 billion** for emotional pain, suffering, and financial harm to Plaintiff.
    - **$1 billion** to **5 Sec Recharging EVs Inc.** for lost business opportunities and delayed market entry.
4. Permit a **Live Demonstration** at trial, showcasing the performance of **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations** versus **30-60 minutes recharging EVs and 30-60 minutes EV recharging stations.**

## SUPPORTING EVIDENCE

- LOIs from federal, state, and local agencies.
- Emails to the President, Secretary Granholm, and Senate leadership detailing the suppressed technology.
- Public statements by officials promoting slower alternatives despite knowledge of **5 Sec Recharging™ EVs and 5 Sec Recharging™ stations.**

## CONCLUSION

135  The U.S. Government's suppression of **5 Sec Recharging™ EVs and 5 Sec Recharging™**
136  **stations** constitutes fraud, breaches its fiduciary duty, and delays the adoption of critical
137  national security and climate solutions. This lawsuit seeks to hold the Government accountable,
138  compel transparency, and recover just compensation for the Plaintiff's losses. A live
139  demonstration before a jury will highlight the transformative impact of Plaintiff's technology and
140  underscore the urgency of justice.

141  Respectfully submitted,

142  *[signature]*

143  **Don Macallister, Pro Se Plaintiff**
144  CEO, 5 Sec Recharging EVs Inc.
145  21163 Newport Coast Drive #1010
146  Newport Coast, CA 92657
147  (310) 924-1303
148  dmac@5secev.com

149